UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GENOVEVA ORTIZ RIVERA**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**PAN AMERICAN GRAIN MANUFACTURING, CO, INC.; JOSÉ GONZÁLEZ FREYRE; MYRNA RUIZ QUIÑONES; MAYTE SANTIAGO RAMÍREZ; JOHN DOE AND/OR RICHARD ROE**<br><br>**Defendants** | **CASE NO.**<br><br>**Civil Action; Violation Of Constitutional Rights; Age Discrimation, Retaliation; and Damages** |

## COMPLAINT

**TO THE HONORABLE COURT**:

      **COMES NOW PLAINTIFF** before this Honorable Court, through their undersigned attorney and respectfully pray and alleges as follows:

### DEMAND FOR JURY TRIAL

    1.  Plaintiff demands a jury trial of all issues so triable.

### NATURE OF THE ACTION

    2.  This is an action for monetary damages, a declaratory judgment, permanent injunctive relief and reasonable attorney fees and costs brought by plaintiff Genoveva Ortiz Rivera and against defendants.  Plaintiff brings this action before this Honorable Court to remedy the violation of her constitutional rights pursuant to the Fourteenth Amendment of the Constitution of the United States of America and the depravation of the rights secured to her under ADEA, under **Age Discrimination in Employment Act (ADEA), 29 USC §§ 621 et seq. and Title VII of the Civil Rights Act of 1964 (" Title VII"), 42 USC. § 2000e-2(a) (1) and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq...; Law**

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 2

**100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19,**

**1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),**

seeking redress for the discriminatory actions of defendants against Plaintiff on the basis

of her age which were part of the pattern of discriminatory acts against her and led to her

demotion and inferior to the norm job position.  It is specifically alleged in this Complaint

that defendants intentionally violated these dispositions so as to discriminate against

Plaintiff due to Plaintiff Ortiz Rivera's age.   Also this suit is brought for violations of the

Equal Pay Act.

3.  In regard to the violations of the constitutional rights it is specifically alleged that

Plaintiffs, due to Plaintiff's Ortiz Rivera's  age, and her exercise of her constitutional rights

and her request for due process and for redress of her grievances has and is been

subjected to what in fact constitutes a discriminatory pattern since 2011 as will be

explained in the Factual Allegations of this Complaint.

4. This is an action for damages and for declaratory and injunctive relief brought by

plaintiff Genoveva Ortiz Rivera  against defendants.  Plaintiff Genoveva Ortiz Rivera brings

this action before this Honorable Court to remedy the depravation of rights secured to her

under Age Discrimination in Employment Act (ADEA), **29 USC 621 et seq. and under** <u>**Title**</u>

<u>**VII of the Civil**</u> **Rights Act of 1964 (" Title VII") 42 USC. § 2000e- 2(a) (1) et  seq., and**

**the Equal Pay Act.** The court has jurisdiction over this action under 28 USC §1331

because the case arises under the Constitution and laws of the United States and under

28 USC §1343 (a)(4) because the plaintiff seeks relief under an act of Congress for the

protection of Civil Rights.

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 3

5. Plaintiff also requests promotion, payment of wages and benefits lost and an additional amount as liquidated damages, plus attorneys fees and costs for violation of the Fair Labor Standards Act, 29 USC §215 (a) (3) and as provided for in 29 USC §216, and violation of the Equal Pay Act.

6. In addition this action is brought under the provisions of the Civil Rights Act of 1871, 42 USC §§2000(e) et seq.and under 29 USC 621 et seq.   It is specifically alleged that defendants intentionally violated these dispositions so as to discriminate against Plaintiff, due to her age, and also in retaliation under 42 USC 1983, 29 USC §621 et seq and 2000(e).

7. This Court's supplemental jurisdiction is also invoked to entertain plaintiff Genoveva Ortiz's causes of action pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to her by the tortuous acts and omissions of the defendants which were the proximate cause of her emotional stress and mental anguish as well as the anxiety caused to her by defendants by their discriminatory actions to which the Plaintiff was subjected. Also, supplemental jurisdiction is invoked to entertain plaintiff Genoveva Ortiz's causes of action pursuant to Puerto Rico Law No. 44; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),  Law 115 of December 20, 1991, 29 LPRA §194.

Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain her complaint as provided by 28 USC 1367, pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 4

of the Commonwealth of Puerto Rico 1 LPRA §13 et seq; Law 100 of June 30, 1959, 29 LPRA §146; Law 115 of December 20, 1991, 29 LPRA §194, and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq...; Law 100, as amended by Law No. 105 of December 20, 1991;  Act No. 17, of April 22, 1988, 29 L.P.R.A. 155 et seq.and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"),

8.   For the reason stated above the jurisdiction of this court is predicated on the existence of a federal question, pursuant to 28 USC § 1332 (a)(1).   Furthermore Supplemental Jurisdiction of this Honorable Court is invoked to hear and adjudicate the claims arising under Puerto Rico laws pursuant to 28 USC §1367.

9.   Plaintiff Genoveva Ortiz filed two administrative complaints against defendants Pan American Grain Manufacturing, Co. and Jose González Freyre before the Equal Employment Opportunity Commissions (EEOC), for the San Juan Region, under the Age Discrimination Act, 29 USC 623 et seq. and 42 USC  2000 (e).  On **Monday November 21, 2011** plaintiff Genoveva Ortiz received two Right to Sue Letters with regard to both administrative complaints from the Equal Employment Opportunity Commission (EEOC) of the Department of Justice in Washington, D.C. dated **November 17, 2011(which was a Thursday),** copy of which are attached to the present Complaint together with a copy of the envelope on which they were notified.  Plaintiff had to file two complaints before EEOC for age discrimination due to the fact that there were additional acts of age discrimination and reprisal against her by defendants after the original filing before the EEOC. That is why there are two Notices of Right To Sue.      10  Plaintiff has and is been subjected, due to her

age, and her exercise of her constitutional rights and for redress of her grievances to what constitutes a discriminatory pattern since 2011, and which still continues.

11.  Defendants have changed Plaintiff's conditions of employment to an alter work situation unreasonably inferior and unduly transferred to another city, which is really a demotion for her, as part of their retaliatory and discriminatory acts as will be further explained in this Complaint.

12.  Plaintiff further requests correction of her reclassification; corrections of her unduly made personnel transactions which in fact represent and are demotions; promotions; any wages and /or benefits lost; and an additional amount as liquidated damages plus attorneys fee and costs, and punitive damages

## JURISDICTION

13.  This action is brought pursuant to 42USC§§2101 et seq, Age Discrimination in Employment Act (ADEA) 29 USC 621 et seq, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC 2000e- 2(a) (1) et seq and the Fourteenth Amendment of the United States Constitution and 28 USC 1331 and 1343. Plaintiff further invokes supplemental jurisdiction of this Honorable Court to entertain Plaintiff pursuant 28 USC 1367 pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico, 1 LPRA §13 et seq; Law 100 of June 30, 1959, 29 LPRA 146; Law 115 of December 20th, 1991; 29 LPRA §194 and Articles 1802 and 1803 of the Puerto Rico Civil Code, and  Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq.; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 6

Rico Annotated 271, et seq. ("Law No. 379"),

14. This is also an action for declaratory judgment, permanent injunctive relief, compensatory and punitive damages, and attorneys fees and cost, which Plaintiff requests redress for the violation on the part of defendants of their constitutional rights to freedom of speech, protected by the Fourteenth Amendment of the United States Constitution and by Article II, Section 1,4, 6, 7, 8, and 16  of Article II (Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.  Plaintiff further alleges that defendants are liable under Article 1802 and 1803 of the Puerto Rico Civil Code (31 LPRA §5141).  This action is also brought pursuant to the 28 USC 1331 and 28 USC 1367.  In addition this action is brought under the provisions of the Civil Rights Act of 1871, 42 USC §§2000 (e) et seq.  It is specifically alleged that defendants intentionally violated these dispositions so as to discriminate against Plaintiff due to her age  and also in retaliation under 42 USC 2000 (e) et seq  for having filed a discrimination case before the EEOC.  Said violations were done and continue to do so under color of state or territorial law.

15.  Plaintiff also alleges with regard to the violation of her constitutional rights due to her age, and her exercise of his constitutional rights of free speech, freedom of association, and for redress of her grievances has and continues to be subjected to what in fact constitutes a discriminatory pattern and retaliation against her which still continues as will be hereinafter explained and alleged in this complaint.

16. Also, supplemental jurisdiction is invoked to entertain plaintiff Genoveva Ortiz causes of action pursuant to pursuant to articles1802 and 1803 of the Puerto Rico Civil Code, 31 LPRA 5141 and 5142 ("Articles 1802 and 1803"), for the damages caused to her

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 7

by the tortuous acts and omissions of the defendant which were the proximate cause of his emotional stress and mental anguish as well as the anxiety caused to him by defendants by their discriminatory actions to which the Plaintiff was subjected. Furthermore supplemental jurisdiction is invoked to entertain plaintiff Genoveva Ortiz causes of action pursuant to Puerto Rico Law No. 44 of July 2, 1989; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"), and Puerto Rico Law No. 69 of July 6, 1985, 29 LPRA §§1321 et seq.; Law 100, as amended by Law No. 105 of December 20, 1991; and Law No. 379 of May 19, 1948, as amended, 29 Laws of Puerto Rico Annotated 271, et seq. ("Law No. 379"). Plaintiff also invokes supplemental jurisdiction of this Honorable Court to entertain his complaint as provided by 28 USC 1367, pursuant to Puerto Rico's Constitution and laws, specifically Sections 1, 4, 6, 7, 8 and 16 of Article II (Bill of Rights) of the Constitution of the Commonwealth of Puerto Rico 1 LPRA §13 et seq; Law 100 of June 30, 1959, 29 LPRA §146; Law 115 of December 20, 1991, 29 LPRA §194.

17.   The District Court of Puerto Rico is the proper venue to bring this action, because the acts and circumstances giving rise to this case occurred within said Federal Judicial District.

## PARTIES

18.   Plaintiff is an adult and at all times relevant to this complaint is and has been both American Citizen and resident of the Commonwealth of Puerto Rico.

19.   Plaintiff Genoveva Ortiz, hereinafter referred to as Ortiz, at all times relevant to this Complaint has been since March, 1998, and is, an employee of Pan American Grain

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 8

Manufacturing Co., Inc., hereinafter referred to as Pan American Grain.

20. Defendant Pan American Grain Manufacturing Co, Inc., is corporation organized under the laws of Commonwealth of Puerto Rico.  It employs more than 25 employees and receives federal financial assistance. The rest of the defendants work for Pan American Grain Manufacturing Co., Inc., as executives and/ or supervisors and /or in managerial positions acting as agents of Pan American Grain and thus Pan American Grain Manufacturing Co. Inc.,  is responsible for their intentional acts and / or omissions against Plaintiff for they at all times relevant to the facts of this case acted as agents of Pan American Grain as stated above, and as such retaliated against Plaintiff, violated her constitutional rights, and discriminated against her due to age, among others, and which Plaintiff has suffered.   Pan American Grain is a "person" within the meaning of 29 U.S.C. 630 (a) and 42 U.S.C.2000e(a) and is an employer within the meaning of 29 U.S.C. 630 (b) and 42 U.S.C.2000e(b). In addition Pan American Grain is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. 630 (h) and 42 U.S.C. 2000e.

21. Defendant José González Freyre was President of Pan American Grain Manufacturing Co., Inc. at the time of the fact of this case and up to the present.  González is an adult resident of the Commonwealth of Puerto Rico and was the decision maker who possessed final authority to establish an operative policy at   Pan American Grain Manufacturing Co, Inc., with respect to some of the discriminatory actions against Plaintiff, and also was responsible for the  Pan American Grain Manufacturing Co, Inc., employment policies, including hiring, promotion and reclassification and all matters related to employer - employee relations as well as other policies relating to compliance with other federal and

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 9

state laws applicable to its employees.  Also among these duties was to administer Pan American Grain Manufacturing Co, Inc., establish and implement compensation, classification plans, evaluation standards and systems as to Pan American Grain Manufacturing employees. As will be explained further in this complaint, he is also personally and directly responsible for some of the acts and/or omissions constituting discrimination and retaliation, violation of constitutional rights, and persecution which are part of this complaint and conspired with other co defendants to intentionally deprive Plaintiff of his rights as will be further explained in this Complaint.

22.   Defendant Myrna Ruiz at the time of the facts of this case was Plaintiff's supervisor and as such was personally and directly responsible for some of the acts and/or omissions constituting discrimination, retaliation, violation of constitutional rights, persecution which are part of this complaint.

23. At the time of most of the facts of this complaint she occupied the position of Director of the Department of Credit and Billing at Pan American Grain Manufacturing, and as such was personally and directly responsible for some of the acts and/or omissions constituting discrimination, retaliation, violation of constitutional rights, persecution which is part of this complaint.

24. Defendant Mayte Santiago was the Human Resources Manager at the moment of the facts of the present Complaint. She is being sued for she responds to Plaintiff jointly and/or concurrently and/or individually liable for the damages claimed in the present Complaint as well as for the rest of the causes of action  which are also part of this Complaint as alleged in the same.  In addition at all times related to the facts of this

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 10

Complaint she acted and was in fact an agent of Pan American Grain.

25. Defendants John Doe and/or Richard Roe, are any and all persons which were also directly and or indirectly responsible to Plaintiff for the causes of actions which are part of this complaint, due to their negligent and/or intentional acts and/or omissions, whose participation in the facts of this case has not been fully determined at the moment of filing the present complaint. Their names will be notified to this Honorable Court as soon as Plaintiff comes into knowledge or becomes aware of the same.

26. All the individual defendants are officially and personally responsible for the damages caused to plaintiff claimed in this Complaint due to Plaintiff Genoveva Ortiz's age a fact known by defendants at the time of this action herein described creating to Plaintiff and maintaining towards her for said reasons, among others, a hostile environment at work.

27. All of said defendants are responsible to Plaintiff jointly and/or individually for the causes of actions of this Complaint.

## FACTUAL ALLEGATIONS

28. As will be further explained hereinafter Plaintiff Genoveva Ortiz was in the protected age group, had been performing well, suffered adverse employment actions due to her age, and the positions for which she qualified as well as the duties of the position occupied by her were given to a younger person, and who were less qualified than Plaintiff for the position.

29. Plaintiff Genoveva Ortiz filed a complaint before the Equal Employment Opportunity Commission Office through the Anti discrimination Office of the Department

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 11

of Labor against defendants for discrimination under Title VIII of the Civil Rights Acts of 1964, Age Discrimination in Employment Act (ADEA) and 42 U S C A 2000 (e ), Charge No. 16H-2011-00325, in which charge Plaintiff alleged continuous acts of discrimination and/ or a pattern of discrimination and afterwards she had no alternative but to also file Charge 16H-2011-00379 for retaliation under the same statutes for she had suffered, and still continues to suffer retaliation against her after the filing of the previous charge.  As stated above EEOC notified her two Notice of Right To Sue, one for each case filed.

30. Plaintiff files the present complaint in compliance with these authorizations including other causes of action for which there was no need to file a previous Complaint before the Equal Employment Opportunities Commission.

31.  Throughout the years that Plaintiff has worked for Pan American Grain she has performed the duties assigned by Pan American Grain to her in a satisfactory manner.

32.  Pan American Grain, together with the rest of the defendants as part of the pattern of discrimination and retaliation against Plaintiff, assigned Plaintiff's duties to substantially younger employee with less experience and seniority than her.

33.  Myrna Ruiz, Plaintiff's supervisor was responsible for stripping Plaintiff most of the duties of her position and assigning them to younger persons without any justification for said action.

34.  After Plaintiff filed a complaint of age and sex discrimination with the Anti Discrimination Unit of the Puerto Rico Department of Labor and Human Resources and the Equal Employment Opportunity Commission defendants started a retaliatory campaign against her that included, among other things, the stripping of the duties and responsibilities

of her job and giving them to other younger male employees .affecting the terms and conditions of her employment.

33.  It should be noted that Genoveva Ortiz had started to work at Pan American Grain on March, 1998 as billing clerk, that is almost fourteen years before filing the present complaint. During said time she was promoted to the position of Billing Officer, position which she occupied until several years before filing the administrative complaint before the Anti Discrimination Unit.  In fact when her then supervisor Diana Morales became sick with cancer Plaintiff took charge of the area and substituted her for a period of two years until co defendant Myrna Ruiz started to take charge of said area of work as Director and supervisor of Genoveva Ortiz.   There was another person also named as Supervisor, Zoraida Díaz, who was assigned to supervise Plaintiff.

34.  Defendants started to recruit male employees who were younger than Plaintiff and to whom were assigned some of the duties of the position occupied by Plaintiff, duties that she had been performing for many years.  Also the computers of this male employees were changed and a new program installed in their computers for which they received adequate training immediately.  And when she was sent to the training Plaintiff was not given a complete training as for example no training was given to her regarding credit that was part of her functions alleging that if the rest of the employees knew it then Plaintiff had to know it. However Plaintiff's computer was not renewed at the same time and when and when in fact it was done no training was given to her so that she could adequately use it to perform her work.  This was during the month of December, 2010.  Even though Plaintiff did her best to perform her work to the best of her abilities trying to understand the new program installed in her computer to prepare her documents.

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 13

35.   Then on December 14, 2010 around 4:00p.m. co defendant Myrna Ruiz told Plaintiff that she could not incorporate herself nor understand the new program of the computer because she was and old employee that could not learn as her younger fellow male employees, that is, Eduardo Morales who was 24 years old, and Junior Martínez who was 25 years old. Afterwards, on January 26, 2011 Plaintiff was having some problems in preparing some accounts with the new program and co defendant Myrna Ruiz called her and told her that she was not as productive like her fellow male employees, referring to the younger ones mentioned above, And that all the work that Plaintiff did she would do it wrong and that if she had the authority to do so Plaintiff would be in her house, implying that she would have fired her.  This pattern of hostility and discrimination continued and Ruiz even called her name such as stupid.

36.   This pattern of discrimination of co defendant Ruiz had started since March, 2009 when Genoveva Ortiz met with co defendant José González to inform him something related to a confidence made to her by another female employee.  On that same month, when Ruiz learned of said meeting she got mad at Plaintiff for not telling her before those facts and from thereon for Ruiz started to complain about everything Plaintiff did and Plaintiff began to be object of a hostile environment at work.  Ruiz constantly requested Plaintiff to tell her what was discussed with González at the meeting that Genoveva Ortiz had with him.  Then on March 10, 2009 she requested Plaintiff to go to her office and then again asked her to tell her what happened at the meeting, whicch Plaintiff refused to do for it had been a confidential conversation. Then Ruiz advised Plaintiff that from there on if she had anything to inform or say Plaintiff would have to go first to tell her or she would

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 14

consider it treason.  This statement made Genoveva start to worry about her stability in her work. And to be afraid that Ruiz would fire her.  Curiously afterwards the same employee that had given Plaintiff the confidential information was fired.  Taht was on March 19, 2009.

37.   On March 20, 2010 Ruiz alleged to Plaintiff that she had received several calls in her celular phone advising her that Genoveva Ortiz was talk bad about her supervisors and co workers, which Genoveva denied.  Then on that same date Ruiz advised Genoveva that she was no longer of her trust and that she would pay for the damages that she had caused to the employee that had been fired.  Ruiz then started to meet with all of the other employees in private and ignore Genoveva.  From there on there was more hostility against Genoveva and she continued to mob her, complaining against Genoveva for everything.

38.   Then on May 18, 2009 she verbally reprimanded Genoveva for an error made by the persons in charge of dispatch which was not Genoveva Ortiz's fault.  Sometime after that Genoveva received some instructions by email from the accounting department directly and Genoveva forgot to copy Ruiz.  When Ruiz learned about it she admonished her for more than one hour and even wanted to refer her to human resources for alleged insubordination.  Then Ruiz continued to separate Genoveva from her co workers.

39.   On June 1, 2009 Plaintiff was divested of some of the work that she used to do and the same was assigned to another coworker by the name of Janice.  That same coworker informed Genoveva that the administration had decided to divest her of some of the functions of her position for the company wanted to make changes employing younger employees.  Due to all these problems Plaintiff started to feel that her diabetis was uncontrolled and decided to seek the help of a psychologist..

40.  The persecution and hostile environment towards Plaintiff continued during the month of July, 2009 thru August, 2009.  Now instead of taking work away from her Plaintiff was assigned an excesive amount of work to be done by her,  Plaintiff was even notified by said co defendant that she would have to inform her when Plaintiff wanted to go to the bathroom or to have some coffee. The discriminatory acts and hostile environment gets worse during the last months of 2010 and the beginning of 2011.

41.  Plaintiff felt discriminated against due to her age and sex for preference was given to younger male employees.  Another example was that on October, 1010 Plaintiff requested Ruiz to assign her temporary help with her paper work for she was suffering of allergy due to the papers and she denied it to her.  She would never give Genoveva the assistance that she requested.  Instead she would go to her office and from there Ruiz would make fun of Genoveva.  Also in November, 2010 Plaintiff had technical problems with her computer and requested that it be repaired or changed but the problem was not solved.  However instead they bought a new computer for Junior Martínez and to Elizabeth Garcia who were much younger than she was.

42.  Besides what has been stated above co defendants have refused to pay Genoveva the overtime owed to her.  Many times it was not even paid and when any of it was paid they would not pay her all the overtime owed nor the penalties due for said overtime, that is any overtime that they would pay her they would pay only the amount corresponding to regular hours.  Up to the time of filing the present complaint defendants still owe overtime payment to Plaintiff.

43.  It was not until December 8, 2010 that they finally installed her a new computer

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 16

but without the program of transaction entry which is not installed until December 16, 2010

The dictionaries of said program. Had not been installed either until December 9, 2010

44.   Co defendant Rruiz continued writing her emails giving her instructions as if Plaintiff was familiarized with the program and had the correct tools to perform her work. But prohibited her to ask anything in that respect nor consult with Plaintiff fellow employees while on the other hand the rest of the employees could meet with her to verify their doubts and were allowed to call the people that installed the program and clarify their doubts as to the program.  The information they obtained in this way was not shared with Genoveva and they were noiot allowed to talk to her at all.  This matter was informed by Plaintiff at a meeting held with Mr. Milton González during the month of October, 2010 and instead of helping me he advised me that I had to improve my relation with my fellow employees as if it was her that was having that kind of attitude and not them.

45.   On December 1, 2010 Plaintiff met with Mrs. Mayte Santiago regarding this matter but nothing wa done in said respect.  Instead from said meeting on Ruiz became more hostile towards her.  In fact on December 13, 2010 she sends several emails to Plaintiff impliying her that she was very irresponsible and that she did not follow instructions.  Plaintiff felt that she continued to be harssed and that she was been object of a hostile environment towards her as part of the pattern of discrimnation of defendants against her.

46.   On December 14, 2010, besides what was stated above, at 4:45pm Ruiz sent Plaintiff an email alleging that the entries made by her had errors in the date and quantities which affected the inventory to which Plaintiff added that what she had review was a draft

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 17

which was corrected afterwards.

47.  The same thing happened on January 7, 2011.  She continue to review the drafts not the final work for she was trying to ridicule Plaintiff and continuing with the hostile environment towards her.

48.  Then on January 25, 2011 Plaintiff was unable to enter some invoices manually because the system would not accept the account and Ruiz proceeds to write her an email and write about that matter to the management, complaining about Plaintiff's performance. Plaintiff was sure that it was not her problem for she had followed the correct steps to do her work.  The problem continue on January 26, 2011.  A new account had to be created for the system was not accepting that account for said invoice.  Then without any reason for that Ruiz calls Plaintiff and tells her that she was no longer productive than her younger coworkers and that she did everything wrong.  And added that if it ws for her she would no longer be there working..  Before this Plaintiff had talked to the other defendants in this case notifying them the situation andmaking a formal complaint about her supervisor with the human resources department but they had done nothing about it.  Instead she was submitted to a more hostile environment.

49.  Finally as a result of the unduly complaints and deliberate negative reports about Plaintiff made by Ruiz she was able to obtain that Plaintiff be suspended from January 18, 2011 until March 4, 2011.  She ws suspended for following instructions and complying with her duties and because her supervisor had not provided Plaintiff her equipment to perform her work with due diligenced and responsibility.

50.  During this whole process Plaintiff had no alternative than to visit a psychologist due to the mental anguish and damages that this situation was causing her specially since

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 18

Ruiz constantly advised her that her intention was to dismiss her from her position.

51.   Plaintiff was even asked to instruct the younger employees as to the work she was performing while they were not asked to do same with her as to the work they performed.  Even the temporary employees that were hired to work there would arrive and have better equipment than she had and were treated much better than they treated her.

52.   Plaintiff sent emails to other co defendants in this case as well as the attorney of the company informing them of the hostile environment she was being object of but no answer was received.

53.   Co defendant continue with her hostile attitude towards Plaintiff assigning her clerical duties while the younger male employees are assigned better work that she used to performed before and are treated much better in fact as if they were her eployers and she was their secretary..  Plaintiff met with codefendant Mayte Santiago on December 1, 2010 and explained her everything that was happening and show her emails that also evidenced it but what she concluded was to advise Plaintiff to write her when she needed her, to keep notes of what was happening specially everything that was important, and not to contradict Ruiz.  In conclusion nothing was done to resolve the problem and the hostile environment of which Plaintiff was been object of.

54.   At all times relevant to this complaint Genoveva performed her work as it had to be done even with all the obstacles presented to her.  Moreover the invoices prepared byu her were sent to the clients which did not complain as to them and eventually paid the same. So Pan American Grain neither lost money nor clients.  On the contrary they were retained and even others clients started to require Pan American Grain services.

55.  Due to the facts explained above Plaintiff decided to file the first administrative complain at the Anti Discrimination Unit on March, 2011 nad requested the services of the undersigned attorney to represent her during the hearing.  Mediation was request to the Anti Discrimination Unit to resolve the problem in amicable way to no avail.

56.  However once defendants were notified of the filing of said administrative complaint defendants increased their persecution, discrimination and hostile environment against Plaintiff.

57.  As a result she was divested of more duties, and new matters against her were initiated going so far as admonishing her and the situation with fellow employees and with Ruiz aggravated.  José González formed part of and contributed to the hostile environment she ws been object of, the acts of discrimination and the retaliation against her for filing the administrative complaint..  In fact they had a meeting on August 3, 2011 in which Mayte Santiago was present also.  During said meeting González offended her by acussing her of being a hostile person full of hate and disrespectful towards Ruiz.  To this Plaintiff advised him that he was wrong, that she was respectful to her, and had no hate in her heart.  But what was happening was that Plaintiff was affected by hostile and discriminatory attitude of Ruiz against her.  González answered her that she had to be more humble and that she was no one in the company and therefore she had to be more humble. and do whatever she was asked to do.  He asked her how did she entered her supervisor's office and after she explained that she knocked at her door and Ruiz would come to the door to sign the document she had to sign, Plaintiff was told that from thereon she would call Ruiz Mrs. Ruiz, knock at her door, wait and if she asked Plaintiff to enter then she could do so.

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 20

58.   González asked Plaintiff during said meeting what was her position in the company at that moment to which she answered that it had been invoiving before but that they had demoted her to data entry.  To her surprise González limited himself to telling her that if her position now was data entry that was what she had to do and doit correctly for she was paid for that.  After so many years of working for Pan American Grain Plaintiff had been demoted to data Entry and González did not do anything to investigate the reasons for having unduly demoted Plaintiff.  He continued talking to Plaintiff as if she did not complied with her duties, which was not true.  He said that she had to behave as a lady-an expression that was very offensive.  She complained that she no longer had access in the computer to see all the clients and his answer was that the access were controlled and that they gave access to whom they wish to do so.  For twelve years Plaintiff had had access to this information and now she was also divested of it..  In summary by his attitudes and expressions González demostrated that he approved the discriminatory actions of which she was object of as well as the hostile environment and the retaliation towards her,

59.   On November 21, 2011 Mrs. Mayte Santiago sent an email with a questionarie to all employees to be answered by December 2, 2011 in which employees were requested, among other things they were asked to inform the duties of their position and the work they were performing.  Shortly thereafter, on December 28, 2011 Plaintiff was officially notified by email that she was being transferred to work at the warehouse in Vega Alta alleging that 80% of her work were related to manual invoices of coffee and gasoline. The change was to be effective on January 5, 2012..  Plaintiff sent her an email advising her that it was not true that 80% of her work was related to said areas, that the work that

she had related to coffee and gasoline had been recently assigned to her and had been inherited when Janice Rivera Monroe resigned.  That her principal work was being in charge of the federal auctions and had been in charge of invoices of many of their clients. Inspite of this defendants ordered her to report to Vega Alta for she had been transferred there.  Meanwhile the duties that she had been performing at the central offices of an American Grain were given to younger persons who had recently started to work with the company and who were younger than she was.  Ruiz had previouslysaid to Genoveva that older employees were a problem to learn new things when the program was installed to what Genoveva answered that both the older employees as well as the younger employees had a right to learn.

60.  Plaintiff reported to Vega Alta but up to the present the duties that she will be performing are not clear. She was officially transferred on December 6, 2011.  All the rest of the employees that were transferred have their duties determined.  They assigned Plaintiff a working area that is unfitted for her to work adequately.  They even have there an air condition that is too cold which forces her to have to work with a sweater, covered as if she in the winter in the New York or Indiana, and with something to cover her head. She has asked to be moved to another area where there is an empty desk but to no avail.

61.  In conclusion defendants have maliciously and wilfully persecuted her as has already been stated above in this Complaint.  These actions by defendants caused her great humiliation and suffering as well as to her family.

62.  This actions not only violated federal law but also state law which specifically prohibit retaliation for exerting one's rights, as indeed it was when she filed the administrative case.

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 22

63.  Defendants negligent acts and/or omissions as described above, harassing her, persecuting her and defamed her, as well as their actions towards intentionally infringing her emotional distress as has been explained above violated her constitutional rights pursuant to the Constitution of Puerto Rico and also violated the dispositions of article 1802 and 1803 of the Civil Code of Puerto Rico (32 L.P.R.A. § 5141, 5142)

64.   Upon information and belief, the defendants after being notified on several occasions by plaintiff of Ruiz's harassment, hostile environment and discrimination due to sex and age of the Plaintiff, wantonly, willfully and/or recklessly failed to bring an end to the harassment of Plaintiff; and Plaintiff's supervisor while acting as agent of the defendants in fact participated in, and encouraged the harassment, the hostile environment, defamation, persecution and retaliation against plaintiff to continue.

65.  Upon information and belief, defendants acted with both knowledge that severe emotional distress to the plaintiff was substantially certain to result and with reckless indifference to the likelihood that severe emotional distress to plaintiff would result from their actions.

66.  Upon information and belief, defendants had sufficient knowledge of the material facts and circumstances regarding the actions of Ruiz in harassing Plaintiff and did nothing to prevent further acts of misconduct, acquiesced in, approved and ratified the foregoing actions of Ruiz.

67.  In addition to the other remedies requested by Plaintiff in this complaint Plaintiff requests from this Honorable Court that defendants are ordered to pay Plaintiffs compensatory damages for their violations of the following local laws according to the facts stated in this Complaint: Law 17 of April 22, 1988 (Act. 17); Law 100 of June 30, 1959 as amended plus the penalties of law.

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 23

68.   In addition to everything requested above Plaintiff respectfully requests from this  Honorable Court that the costs of this action, interests accrued, reasonable attorneys fees, be imposed to defendants as well any other remedy pursuant to state or federal law which is available to her even if it is not specifically requested in this complaint.

69.  It must be noticed by this Honorable Court that Plaintiff at present is 55 years old and continues to feels very humiliated and has been forced to work in another city making her travel every working day to work more than an hour, then the same amount of time or more to return to her home in the metropolitan area, and forcing her to work in an inferior to the norm working area,.  She had never been so humiliated in her whole life. Defendants actions has affected her very seriously as she feels very nervous and has a lot of anxiety.  These facts have even affected her husband who suffers from his heart and has had an impact in their relation as husband and wife and in her relation with her son. She is afraid that she will lose her job for she feels that what in fact they are trying is constructively discharge her by forcing her to resign or they are looking for excuses to dismiss her to hire a younger person.

70.   Plaintiff feels depressed for after working for so many years for defendant she has been unduly divested of the work she used to performed and of her position, demoting her without justification, as part of the pattern of discrimination, hostile environment, retaliation and persecution against her by defendants.

## FIRST CAUSE OF ACTION:
## AGE DISCRIMINATION UNDER ADEA

71.. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

72.  Pan American Grain's conduct as well as that of the rest of the defendants in

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 24

this case against Plaintiff constitutes willful discrimination on the basis of age in violation of the ADEA.

73.  As a result of Pan American Grain's discriminatory practices, Plaintiff has lost income and economic benefits for which Pan American Grain  is liable. Pan American Grain is liable to Plaintiff under the ADEA and she is entitled to be reinstated in her former position.

## SECOND CAUSE OF ACTION:
## WILLFUL DISCRIMINATION UNDER ADEA

74.  Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

75.. Pan American Grain's discriminatory conduct as well as that of the rest of the defendants in this case constitutes a willful violation of the ADEA and,as a result thereof, defendant is liable to Plaintiff for liquidated damages

## THIRD CAUSE OF ACTION:
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

76.  Plaintiff repeats and realleges each and every preceding allegation as is fully stated herein.

77. Pan American Grain's conduct against Plaintiff as well as that of the rest of the defendants in this case constituted retaliation under Title VII, which makes unlawful for an employer to discriminate against an employee that opposes unlawful practices.

78. But for Pan AmericanGrain's motive to retaliate against Plaintiff, he would not have been unduly transfered and demoted  and therefore, deprived of the benefits of his employment.

79.  Pan American Grain's retaliatory motive as well as that of the rest of the defendants in this case against Plaintiff was willful.

80. Plaintiff has suffered severe emotional damages, as well as past and future loss of wages and employment benefits as a direct consequence of Pan American Grain's as well as that of the rest of the defendants'retaliation against her.

## FOURTH CAUSE OF ACTION:
## THE CIVIL RIGHTS ACT OF 1991

81. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

82. Pan American's discriminatory and retaliatory practices against Plaintiff as well as that of the rest of the defendants in this case were malicious and/or carried with reckless indifference and/or intentional. Thus, Plaintiff is entitled to receive punitive and compensatory damages.

## FIFTH CAUSE OF ACTION:
## AGE DISCRIMINATION UNDER P.R. LAW 100

83. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

84. Pan American Grains conduct as well as that of the rest of the defendants in this case constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended, and as a result thereof Pan American Grain is liable to Plaintiff for emotional damages, back pay and double damages. Plaintiff is also entitled to be reinstated to her former position.

## SIXTH CAUSE OF ACTION:
## RETALIATION UNDER PUERTO RICO LAW NO. 115 OF DECEMBER 20,1991

85. Plaintiff repeats and realleges each and every preceding allegation as if fully stated herein.

86. Pan American Grain's conduct as well as that of the rest of the defendants in this case constitutes retaliation in violation of Law No. 115 of December 20, 1991, and

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., Co, Inc.,, et als
Complaint
Page 26

as a result thereof it is liable to Plaintiff for double damages.

## TRIAL BY JURY

87. Plaintiffs demand that the instant action be tried before a jury

## THEORIES OF RELIEF

For the reasons explained above Plaintiff hereby requests from this Honorable

court that judgment be entered in her favor and against all codefendants in this case,

including but not limited to the following relief:

a. An order directing Pan American Grain to reinstate Plaintiff to her former

position and to cease and desist of any further discriminatory and retaliatory

conduct on the basis of age, and retaliation against her.

b. Back pay, together with interest.

c. Lost benefits, both past and future.

d. An award of liquidated damages equal to twice the back pay lost by

Plaintiff.

e.  An award of compensatory damages for the emotional suffering and

distress resulting from Pan American 's discriminatory conduct in an amount not

less than $2,500,000.00.

f.  Punitive damages for the amount of $1,000,000.00.

g. An award of double damages pursuant to Puerto Rico Laws 100, 69 and

115.

 h. An award of reasonable attorneys' fees, together with costs, litigation

expenses and necessary disbursements.

 i.. Any other remedy that this Court may deem just and proper.

 j'. All the acts of defendants of adverse employment actions toward Plaintiff Ortiz

in fact have been merely a pretext for the real and motivating factor was in fact the intentional discrimination against said Plaintiff.

k..  In addition to everything requested above Plaintiff respectfully requests from this Honorable Court that the costs of this action, interests accrued, reasonable attorneys fees, as well any other remedy pursuant to state or federal law which is available to her even if it is not specifically requested in this complaint.

l..  Defendants have been temerary and their actions have left Plaintiffs no other alternative but to file this complaint and therefore should be responsible for the costs and expenses incurred by the Plaintiffs in these proceedings.

m..  Plaintiff also request this Honorable Court the payment by defendants of back pays for amounts Plaintiff Ortiz would have earned had she been continued working and promoted, payment of wages, benefits lost and additional amounts as liquidates damages as provided by the Fair Labor Standards Acts.

n..  Any other relief which this Honorable Court deems just and proper even if not specifically asked in this complaint and/or pursuant to any other statute or law not specifically quoted herein.  This includes punitive damages if they are deemed proper and just, either in regard to the Pregnancy Law and discrimination due to her pregnancy; gender discrimination, and violation of constitutional rights.

45..  Plaintiffs reserve their right to further amend this Complaint if deemed necessary to further supplement the allegations or request additional remedies. In addition Plaintiffs reserve their rights to further amend this Complaint should it be needed according to the information obtained during the discovery proceedings.

**WHEREFORE** it is respectfully requested from this Honorable Court that this Complaint be granted in all its parts and the damages, penalties and punitive damages

Genoveva Ortiz vs.
Pan American Grain Manufacturing Co, Inc., et als
Page 28

requested in it by Plaintiff be granted to her and in addition that costs, reasonable

attorneys fees and interests accrued be also awarded to them, ordering all or some of

defendants to pay said amount of money to them, jury trial is granted and that all

defendants be ordered to pay Plaintiffs all the amounts hereby requested in this complaint

as well as any other amount deemed just and proper pursuant to any federal or state law

even if it was not specifically alleged in this complaint.   In addition it is respectfully

requested that the requested preliminary and permanent injunction be granted, and also

that defendants are ordered to pay Plaintiffs all the attorneys fees and costs incurred by

them in these proceedings, as well as corresponding punitive damages pursuant to

federal and state laws.

      **RESPECTFULLY SUBMITTED**.

      In San Juan, Puerto Rico, this 17th day of February, 2012.

               **S/Rosa M. Nogueras de Gonzalez**
               **ROSA M. NOGUERAS DE GONZALEZ (113707)**
               **NOGUERAS DE GONZALEZ LAW OFFICE**
               **Attorney for Plaintiffs**
               P.O. Box 361503
               San Juan, PR 00936-1503
               Tel. (787) 766-1658 / Fax. (787) 764-0170
               noguerasrm@onelinkpr.net
               noguerasrosa@microjuris.com